UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CAROL BARBIR                                    CIVIL ACTION

VERSUS                                          NO. 07-9272

LOWE'S HOME CENTERS, INC.                       SECTION "C" (2)

<u>ORDER AND REASONS</u>

This removed matter comes before the Court on the issue whether the

jurisdictional amount existed at the time of removal.   Having reviewed the record, the

stipulation of the parties and the law, the Court has determined that remand is

appropriate for the following reasons.

The plaintiff seeks damages for personal injuries allegedly sustained as the result

of falling from a chair on display in one of the defendant's stores.   This matter was

removed on the basis of diversity jurisdiction.

With regard to the existence of the jurisdictional minimum, the parties may neither

consent to nor waive federal subject matter jurisdiction.   <u>Simon v. Wal-Mart Stores, Inc.,</u>

193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to

invest a federal court with jurisdiction.   <u>Asociacion Nacional De Pescadores A Pequena</u>

<u>Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.,</u> 988

F.2d 559 (5th Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit

advises the district courts that they should review their subject matter jurisdiction in cases

such as this.  <u>Id.</u>; <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295 (5th Cir. 1999).  In order to

remain in federal court, the removing parties must prove by a preponderance of the

evidence that the jurisdictional minimum exists.  <u>Id.</u>  This showing may be made by

either: (1) demonstrating that it is facially apparent that the claims are likely above the

jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding

of the jurisdictional minimum.  <u>Id.</u>  It is the recognized burden of the party invoking

jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in

view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be

made by the court of its own motion, to support the allegation."  <u>St. Paul Mercury</u>

<u>Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 287, fn. 10 (1938), <u>citing</u>, <u>McNutt v. General</u>

<u>Motors Corp.</u>, 298 U.S. 178, 182-189 (1936); <u>Diefenthal v. Civil Aeronautics Board</u>, 681 F.2d

1039 (5th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1107 (1983).

      The defendant has not met its burden to show that the jurisdictional amount is

facially apparent for present purposes, nor has it made a showing sufficiently

particularized to meet its burden.  Neither the defendant nor the plaintiff provide any

basis upon which the Court can ascertain the propriety of its jurisdiction.  There are no

accounting of medical bills, no medical records and no recommendation for surgery

provided.   Instead, the memoranda would support only a finding of jurisdiction based on consent.  That is not permitted under the law.

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction.  In addition, the Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B Federal Practice & Procedure: Civil, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C Federal Practice & Procedure: Civil, §3739.

Accordingly,

 IT IS ORDERED that this matter is REMANDED to the 22nd  Judicial District Court  for the Parish of St. Tammany, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 26th day of March, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE